# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANA SCOTT-DAVIS,<br><br>　　　　　Plaintiff,<br>　v.<br><br>MEDRP INTERNATIONAL, INC., AND DOES 1-25, INCLUSIVE,<br><br>　　　　　Defendants. | CASE NO. 07cv907 BTM(NLS)<br><br>**ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

On May 22, 2007, the Court issued an order to show cause ("OSC") why this case should not be dismissed for lack of subject matter jurisdiction. As explained in the Court's order, Plaintiff cites diversity of citizenship, 28 U.S.C. § 1332, as the basis for this Court's jurisdiction. However, according to the Complaint, the damages resulting from the breach of contract are in the amount of $20,150.00. The Court has original jurisdiction under 28 U.S.C. § 1332(a) when there is diversity of citizenship *and* the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff, as the party seeking to invoke the Court's jurisdiction, bears the burden of proving diversity jurisdiction. Kohler v. Inter-Tel Technologies, 244 F.3d 1167, 1170 n. 3 (9th Cir. 2001).

In her response to the OSC, Plaintiff claims that "[t]he value of the consequences to plaintiff, or the defendant for that matter, which may result from this litigation may well exceed

$75,000.00 because plaintiff has both an on-going desire for such employment in Southern California for herself and her corporation, and defendant, so far as is known, continues to seek placement of independent contract nurses in Southern California hospitals." However, Plaintiff's claim against Defendants is for the breach of a specific contract for employment of Plaintiff from July 16, 2006 through October 14, 2006.  The Complaint states that $20,150.00 is the amount Plaintiff could have expected to earn during this period if she worked three twelve-hour shifts per week.  Vague assertions that the breach of contract could have consequences beyond the contractual period are insufficient to satisfy Plaintiff's burden of proof.

Plaintiff requests that the Court defer ruling on the OSC for two to four weeks "so plaintiff might find an additional basis for Federal Court jurisdiction in this matter." The Court declines to do so.  Plaintiff has made no showing that a potential basis for federal jurisdiction exists.  Therefore, the Court **DISMISSES** this action for lack of subject matter jurisdiction.  The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: June 15, 2007

Hon. Barry Ted Moskowitz
United States District Judge